```
KELLEY S. OLAH (SBN 245180)
 KOlah@btlaw.com
GABRIELLE J. ANDERSON-THOMPSON (SBN 247039)
 GAThompsoni@btlaw.com
DUNCAN T. JUSTICE (SBN 339848)
 DJustice@btlaw.com
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:   (310) 284-3880
Facsimile:    (310) 284-3894
```

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC. n/k/a MEDICAL DEVICE BUSINESS SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RONALD K. JOHANSEN,<br><br>         Plaintiff,<br><br>   vs.<br><br>DEPUY ORTHOPAEDICS, INC.,<br><br>         Defendant. | Case No.  2:23-CV-04473-ODW-JPR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  June 7, 2023 |

   Plaintiff Ronald K. Johansen ("Plaintiff") and Defendant DEPUY ORTHOPAEDICS, INC. n/k/a MEDICAL DEVICE BUSINESS SERVICES, INC. ("Defendant") (hereafter collectively "Parties" or "the Parties"), hereby stipulate and agree, through their respective attorneys of record, to the entry of this Protective

Order to protect the confidential status of protected documents and information during discovery in this litigation.

1. Plaintiff Ronald K. Johansen (hereinafter "Plaintiff") alleges that he was implanted with a DePuy CORAIL Cementless Femoral Stem ("CORAIL stem") during a total hip arthroplasty on September 6, 2011. Plaintiff claims that the CORAIL stem fractured on June 18, 2021 causing him to have to undergo a revision surgery to remove the device. Plaintiff alleges Negligence, Strict Liability: Manufacturing Defect, Breach of Express Warranty, and Breach of Implied Warranty of Merchantability causes of action against Defendant.

2. Defendant filed an Answer and Affirmative Defenses on August 24, 2023, denying that the CORAIL stem failed or caused Plaintiff's alleged injuries and damages.

3. The Parties anticipate that discovery and expert disclosures will encompass Plaintiff's personal medical information. The Parties agree that a Protective Order is proper to prevent any misuse or disclosure of this information.

4. The Parties anticipate that discovery and expert disclosures will encompass certain confidential and proprietary documents and information of DePuy, which designs, manufactures and sells orthopaedic prescription medical devices. The orthopaedic medical device field is a highly regulated industry in which DePuy and its many competitors must expend substantial resources creating processes and procedures to comply with the FDA's good manufacturing practices regulations, and submitting confidential design, manufacturing, materials, and process information to the FDA before such devices can be marketed. Accordingly, the Parties have agreed a Protective Order is appropriate to prevent the improper disclosure or use of such information while permitting Plaintiff the access necessary to evaluate and prosecute her claims.

5. "Protected Information," for purposes of this Order, means Plaintiff's personal health information or a trade secret or other confidential research,

development, or commercial information properly designated and labeled as such by the party producing it. Examples of such Protected Information may include:

    a.    Engineering drawings showing the design and exact dimensions, specifications, tolerances, and similar information related to the DePuy CORAIL stem and its components;

    b.    Specifications, certifications and manufacturing process descriptions and records which reflect how DePuy manufactured the CORAIL stem and its components;

    c.    DePuy's internal processes, complaint investigation, sales statistics, and other similar matters which are confidential and proprietary and have independent economic value because they are not known to DePuy's competitors and have entailed substantial cost to develop and are necessary for a medical device company to comply with governing FDA regulations; and

    d.    Information classified as confidential by federal or state law or regulation.

    e.    Information regarding Plaintiff's health or medical conditions contained in records obtained from Plaintiff's treating physicians, surgeons, or their practice groups or hospitals.

6. Protected Information shall be used only for the conduct of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except:

    a.    The Court and court personnel (including the court having jurisdiction over any appeal);

    b.    Court reporters used in connection with the litigation;

    c.    Any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation,

    or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation;

  d. Any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter;

  e. Employees of outside copying, document imaging and facsimile services;

  f. Present counsel of record for the parties and secretaries, paraprofessional assistants, and other employees or agents of such counsel who are actively engaged in assisting counsel in connection with this matter;

  g. The parties themselves and outside experts or consultants whose advice and consultation are being or will be used by the parties in connection with preparing for the litigation, and the staffs of such experts or consultants; and

  h. Witnesses or deponents in the course of this litigation.

 7. Disclosure shall be made to persons identified in subparagraphs 6.g and h above only as necessary for the litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as **Attachment A.** The terms of this Protective Order shall be explained to such persons by the persons disclosing the Protected Information. The executed acknowledgment shall be retained by counsel disclosing the Protected Information. Protected Information shall not be disclosed to any person in any manner not specified in this Protective Order.

 8. The party and counsel receiving Protected Information, and their consultants and experts, shall keep it within their exclusive possession and control,

except as provided in paragraph 6, shall maintain such material and information in their offices or other secure facility, and shall not make copies, extracts, summaries, or descriptions of the Protected Information or any portion thereof, except as convenient or necessary for use in this litigation.

9. Designation of information as Protected Information is not determinative of whether the designation is appropriate. If a party seeks to challenge the designation on the ground that such protection is not warranted under controlling law, they must file a motion in full compliance with Local Rule 37. The party filing a brief containing or referring to Protected Information shall seek leave to file it under seal in full compliance with Local Rule 79-5. If the Court denies the sealing application, the protected material may be filed on the public docket unless the Court orders otherwise. On any motions arising out of the designation of any material as Protected Information, the burden of justifying the designation shall lie with the designating party.

10. Before briefs and related documents which contain or refer to Protected Information are filed with the Court, counsel for Plaintiff and counsel for DePuy shall confer in good faith to discuss how to avoid disclosing Protected Information in the filing. If counsel cannot agree on a method to avoid disclosing Protected Information in the filing, then the party seeking to file a brief or related documents shall also file a motion for leave to file under seal the brief and related documents, in accordance with local rules and governing law. The parties shall serve each other by email with copies of the materials that are sought to be filed under seal.

11. If material being maintained by the Court under seal no longer meets the legal and factual criteria for continued maintenance under seal - because of the passage of time or some other development - the designating party shall promptly file a request with the Court that the filings be unsealed.

12. This order does not govern trial-related proceedings. Counsel must seek protection for any material they believe should not be publically disclosed from the presiding judicial officer at the appropriate time.

13. Any non-party from whom discovery is sought shall have the same rights and be subject to the same obligations under this Protective Order as if it were a party. The undersigned will treat as confidential Protected Information designated by a non-party in accordance with this Protective Order, regardless whether the non-party is or becomes a signatory to this Protective Order.

14. Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall govern inadvertent production of privileged materials. Upon notice that a document or item containing privileged information has been produced, the producing party shall promptly notify the receiving parties of the claim of privilege and the basis for it. Within three business days after receipt of a notice that a document or item containing privileged information has been produced, the receiving party shall return, sequester or destroy the document or item, and all copies thereof, until the claim has been resolved, even if the party disputes the underlying privilege. To the extent that the information in the document or item has already been used or described in other documents generated or maintained by a receiving party, the receiving party shall take steps promptly to retrieve and sequester such documents until the privilege claim has been resolved. If a receiving party disclosed the information being notified of its inadvertent production, the receiving party shall take reasonable steps to retrieve that information until the privilege claim has been resolved. A party's return of allegedly privileged materials is without prejudice to its right to seek a judicial determination of that privilege claim.

15. If any party or person subject to this Protective Order violates or threatens to violate any of its terms, an aggrieved party may immediately apply to the Court for appropriate relief permitted under the Federal Rules of Civil Procedure.

16. If another court or an administrative agency subpoenas or otherwise orders production of Protected Information obtained under this Protective Order, the person to whom the subpoena or other process is directed shall, unless prohibited by law, promptly notify counsel for the designating party in writing via fax and overnight delivery of all of the following: (1) the Protected Information that is requested by the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall Protected Information be produced before the expiration of fifteen business days after written notice to counsel for the designating party. Furthermore, the person receiving the subpoena or other process shall cooperate with the producing party in any proceeding related thereto.

17. This Protective Order shall be binding on the parties upon execution by counsel, regardless whether or when the Court enters the Protective Order; *provided however* that if the Court revises the Protective Order, then the Court's version will control.

18. Upon final termination of this action, whether by judgment (including any appeals), settlement or otherwise, counsel for the receiving party shall, upon request by the designating party, certify on personal knowledge in writing that they have either (a) returned to counsel for the designating party, or (b) shredded or destroyed, all Protected Information in their possession or subject to their control or furnished to consultants and/or experts, including without limitation, those documents whether in paper or electronic format, and all copies, summaries and extracts of such documents.

For all confidential documents in electronic format, counsel for the receiving party shall, upon request by the designating party, certify on personal knowledge in writing that such documents have been permanently deleted from all systems on which they are or were stored or transmitted including, without limitation, personal computers, electronic tablets, smart phones, portable electronic storage devices (such as flash drives, thumb drives, and personal hard drives), networked storage devices, and servers, along with back-up, replicated, and offline copies for all of the foregoing devices.

19. The terms of this Protective Order shall survive and remain in effect after the termination of this lawsuit.

20. This Protective Order may be modified in writing by agreement of the parties or by order of the Court, consistent with controlling law. Until modification is granted by agreement or order of the Court, the terms of this Agreement shall govern. Provisions for the use of such information at trial similarly shall be made by agreement or by pre-trial order governing the use and protection of the record, consistent with controlling law relating to public access to judicial documents.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| Dated: March 5, 2024 | **BARNES & THORNBURG LLP** |
| | By: */s/ Gabrielle J. Anderson-Thompson*<br>Kelley S. Olah<br>Gabrielle J. Anderson-Thompson<br>Duncan T. Justice<br>Attorneys for Defendant<br>DEPUY ORTHOPAEDICS, INC.<br>n/k/a MEDICAL DEVICE<br>BUSINESS SERVICES, INC. |
| Dated: March 5, 2024 | **CASPER, MEADOWS,<br>SCHWARTZ & COOK** |
| | By: */s/ Adam M. Carlson*<br>Adam M. Carlson<br>Attorney for Plaintiff<br>Ronald K. Johansen |

**IT IS SO ORDERED.**

DATED: 3/5/2024

_____
UNITED STATES MAGISTRATE JUDGE

**<u>Signature Certification</u>**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

*/s/ Gabrielle J. Anderson-Thompson*
Gabrielle J. Anderson-Thompson

# EXHIBIT "A"
## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order executed by the attorneys of record for the parties in the action presently pending in the United States District Court for the Central District of California, captioned *Ronald K. Johansen v. DePuy Orthopaedics, Inc.,* Case No. 2:23-CV-04473-ODW-JPR, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Dated: _____     By: _____